IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE HILL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4084 |
| | : | |
| **SUPT. HARRY,** *et al*. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this **24th** day of **September, 2021**, upon consideration of Plaintiff Dwayne Hill's *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. The Clerk of Court shall **TERMINATE** Supt. Harry and Correctional Officer Knaub as Defendants in this case.

2. For the reasons stated in the accompanying Memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. All claims against Defendant Supt. Sorber based on Hill's transfer from SCI Camp Hill to SCI Phoenix; and

   b. All claims against Defendants Bradley, Terra, and Stenkowski based on the determination to place Hill in RRL status prior to the misconduct hearing.

3. For the reasons stated in the accompanying Memorandum, all Eighth Amendment claims based on the failure to provide medical treatment at SCI Phoenix are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. Hill is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim based on a failure to provide medical treatment at

SCI Phoenix. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Hill's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-4084. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Clark should be mindful of the Court's reasons for dismissing his failure to provide medical treatment claim as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Hill a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Hill may use this form to file his amended complaint if he chooses to do so.[1]

6. If Hill does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

   7. If Hill fails to file any response to this Order, the Court will conclude that Hill intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

          **BY THE COURT:**

          *Eduardo C. Robreno*
          **EDUARDO C. ROBRENO, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).